**Randall R. WILLIAMS, Petitioner—Appellant,**

v.

**James BARTLETT, Respondent—Appellee.**

No. 04–35866.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2006.*

Filed Sept. 14, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Anthony David Bornstein, Esq., Portland, OR, for Petitioner–Appellant.

Lynn David Larsen, Esq., Carolyn Alexander, Esq., Salem, OR, for Respondent–Appellee.

Before: HAWKINS, SILVERMAN, and GOULD, Circuit Judges.

## MEMORANDUM **

Randall R. Williams ("Williams") appeals the district court's denial of his petition for a writ of habeas corpus. Williams's petition, brought under 28 U.S.C. § 2254(d)(1), asserts that the Board of Parole and Post–Prison Supervision's ("Board's") decision deferring his parole date violated his due process rights.[1] We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.[2]

Williams contends that the state court's denial of his habeas petition involved an unreasonable application of *Superintendent v. Hill,* 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). In *Hill,* the Supreme Court held that a parole board's decision to revoke a prisoner's "good time credits" did not violate the prisoner's due process rights because "there was some evidence from which the conclusion of the administrative tribunal could be deduced," which supported the parole board's decision. *Id.* at 455, 105 S.Ct. 2768. Williams asserts that Dr. Shellman's psychological evaluation did not include a diagnosis that

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

2. We review de novo the district court's decision denying Williams's habeas petition under 28 U.S.C. § 2254(d)(1). *See Gill v. Ayers,* 342 F.3d 911, 917 (9th Cir.2003). Habeas relief is

warranted if the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362, 407–09, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). To make this showing, Williams must demonstrate that the state court's application of Supreme Court precedent was objectively unreasonable. *Williams,* 529 U.S. at 409, 120 S.Ct. 1495.

Williams suffered from severe emotional disturbance, and thus the Board's findings were not supported by the requisite evidence in the record.

Oregon Revised Statute § 144.125(3) provides that the Board may defer a prisoner's parole date "[i]f a psychiatric or psychological diagnosis of present severe emotional disturbance such as to constitute a danger to the health or safety of the community has been made with respect to the prisoner." Or.Rev.Stat. § 144.125(3) (1991). Here, Dr. Shellman's psychological evaluation stated that Williams showed "the presence of a personality disorder that has elements of passive-[dependency], narcissism, and sociopathy" and that he "still represents some danger to the community." Because these findings constitute "some evidence from which the conclusion of the administrative tribunal could be deduced" that Williams had a severe emotional disturbance posing danger to the public if he were released, the state court's decision denying Williams's due process claim was neither contrary to nor an unreasonable application of *Hill. See Weidner v. Armenakis,* 154 Or.App. 12, 959 P.2d 623, 625 (1998), *withdrawn* July 13, 1998, *reasoning readopted and reaff'd Merrill v. Johnson,* 155 Or.App. 295, 964 P.2d 284 (1998).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.